[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed for a dissolution of her marriage with the defendant. Based upon the evidence presented at a contested hearing in this matter, the court makes the following findings.
The plaintiff and the defendant married on February 14, 1987 in Branford, Connecticut. The marriage was the defendant's second marriage and the plaintiff's first marriage. No children have been born to the parties who are issue of the marriage. The defendant has two children from his prior marriage. In 1991, the defendant's two children moved in with the parties and lived with them during their marriage.
The plaintiff is forty years old and apparently in good health. She has been employed for the past thirteen years at Fusco Corporation, a family business which is headed by her father. She currently holds the position of project manager and earns a gross annual income from employment of $103,632 and a net annual income, after deducting for federal and state taxes, of approximately $71,000. The plaintiff also receives a distribution of $5,000 each month from her partnership interest in Fusco Management, LLC.
The defendant is forty-two years old and also apparently in good health. The defendant has also been employed for the past thirteen years at Fusco Corporation. He currently holds the position of Vice President of Purchasing. The defendant earns a gross annual income of $114,400 and a net annual income, after taxes, of approximately $75,000. CT Page 3306
The parties jointly own the marital home at 4 Cobblefield Lane in Guilford, Connecticut. The court finds the fair market value of the marital home to be $655,000. The home is presently encumbered by a mortgage with a balance of $403,657 and a home equity loan of $74,664, leaving a total net equity of $176,679.
The plaintiff possesses interests in eleven businesses: (1) EMF Family Partnership; (2) FFHA, LP; (3) Fusco Farmington Assoc., LP; (4) Harbour House Assoc. I; (5) LEM Assoc., LP; (6) Long Wharf/Hamilton St. Assoc.; (7) Fusco Research Parkway; (8) Fusco Management Co., LLC; (9) FLOP, LLC; (10) Fusco Management Co.; and (11) Fusco Management Co. of Florida. Seven of these businesses: EMF Family Partnership; FFHA, LP; Fusco Farmington Assoc., LP; Harbour House Assoc. I; LEM Assoc., LP; Long Wharf/Hamilton St. Assoc.; and Fusco Research Parkway; are holding companies involved in real estate ventures or entities that directly own real estate. FLOP, LLC is a holding company that maintains investments and Fusco Management Co., LLC is a management company. Fusco Management Co. and Fusco Management Co. of Florida currently contain no assets. The plaintiff holds a minority interest in each of these enterprises. Members of her family, including her parents and her siblings, also hold interests in these businesses. After discounting for her minority interest and the lack of marketability of those interests, I find the total fair market value of the plaintiff's interests in the eleven business entities to be $1,452,066.
The plaintiff possessed a financial interest in seven of the eleven businesses prior to her marriage to the defendant. The fair market value of her interests before she married the defendant was $445,151. While the value of the plaintiff's business interests increased substantially during her marriage to the defendant, the defendant made no contribution, financial or otherwise, to those investments.
The plaintiff also possesses an interest in the Laurie Fusco Grantor Trust which has a current value of $1,431 and jewelry valued at $60,000. The plaintiff also maintains three retirement accounts with a total value of $58,265. The plaintiff's liabilities as reflected on her financial affidavit total $81,847; however, $71,847 of this sum represents a "loan" from the plaintiff's father that the plaintiff is under no immediate obligation to repay.
The defendant currently possesses two retirement accounts with a total value of $95,000. He has outstanding liabilities totaling $29,000.
The plaintiff claims that the defendant is primarily at fault for the breakdown of the marriage. The plaintiff claims that the defendant CT Page 3307 frequently drank alcohol to excess and engaged in extramarital affairs. The defendant contends that each of the parties had their shortcomings and their marriage had its problems but that neither party is singularly at fault for the breakdown of the marriage. The court finds based on the evidence presented that the actions of the defendant were the primary contributors to the breakdown of the marriage.
The parties' marriage was turbulent. Prior to their last separation in 2000, the plaintiff and the defendant physically separated on three occasions with each estrangement lasting between six and eight months. The parties argued frequently during the construction of their new home. The defendant expressed concerns with the plaintiff's excessive spending and her inability to effectively parent his children. The plaintiff was upset with the defendant's alcohol abuse and the late hours he spent socializing. She was also distressed by his extramarital affairs. While the parties' marriage was far from ideal, it was the defendant's excessive drinking and womanizing that was the catalyst for its collapse.
The issues of alimony and property distribution were also vigorously contested at trial. The defendant seeks the award of alimony and a substantial allocation of the plaintiff's property. The defendant also claims that he possesses a financial interest in FLOP, LLC that was gifted to him by the plaintiff's father. The evidence presented at trial, however, indicates that the defendant was ultimately not given an interest in FLOP, LLC.
With respect to alimony, given the cause of the marital breakdown and the defendant's age, health, current income, skills and experience, it is not appropriate or necessary to require the plaintiff to financially support him. See General Statutes § 46b-82. With respect to the distribution of property, it is also important to note that the defendant did not contribute to the acquisition or appreciation of the plaintiff's business investments. See General Statutes § 46b-81. In many marriages, a lack of contribution to property interests is counterbalanced by a spouse's contributions at home, such as through the care and nurturing of the parties' children. No such counterweight is present in this case.
In determining the orders issued herein, I have carefully considered all the relevant statutory criteria, including those contained in General Statutes § 46b-81 as they relate to the assignment of property and § 46b-82 as they relate to the award of alimony. The court enters the following orders:
1. The marriage is ordered dissolved on the grounds of irretrievable CT Page 3308 breakdown.
2. No alimony shall be awarded to either party.
3. The plaintiff is awarded sole ownership of the marital home at 4 Cobblefield Lane in Guilford, Connecticut. The defendant shall convey his interest in the property to the plaintiff by quitclaim deed within thirty days of the date of this decision. The plaintiff shall be solely responsible for paying the mortgage, home equity loan, taxes, and liens, if any, on the property. The plaintiff shall hold the defendant harmless and indemnify the defendant with respect to the home equity loan and any and all mortgages, liens and encumbrances on the property. The plaintiff shall take immediate steps to obtain, if possible, a refinancing of the current mortgage and the home equity loan so that the defendant is no longer an obligor.
4. The plaintiff shall retain ownership of the business interests and the retirement accounts listed on her financial affidavit and her interest in the Laurie Fusco Grantor Trust.
5. The defendant shall retain his interest in the retirement accounts listed on his financial affidavit. The defendant is awarded sole ownership of the Toyota automobile listed on his financial affidavit.
6. The plaintiff shall pay the defendant a lump sum property distribution of $300,000, payable within sixty days of the date of this order.
7. The parties are hereby referred to Family Relations for mediation of the issue of the appropriate distribution of personal property. The court will retain jurisdiction to resolve any disputes on this issue.
8. Each of the parties shall be solely responsible for payment of the liabilities listed on their respective financial affidavits.
9. Each of the parties shall be responsible for the payment of their respective attorney's fees.
BY THE COURT
Judge Jon M. Alander